People v Bynum (2023 NY Slip Op 06166)

People v Bynum

2023 NY Slip Op 06166

Decided on November 30, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 30, 2023

110576
[*1]The People of the State of New York, Respondent,
v
Troy D. Bynum Sr., Appellant.

Calendar Date:November 9, 2023

Before:Egan Jr., J.P., Lynch, Clark, Ceresia and McShan, JJ.

John R. Trice, Elmira, for appellant.
Michael A. Korchak, District Attorney, Binghamton (Benjamin E. Holwitt of counsel), for respondent.

Appeal from a judgment of the County Court of Broome County (Kevin P. Dooley, J.), rendered June 15, 2018, convicting defendant upon his plea of guilty of the crime of burglary in the first degree.
Defendant was indicted and charged with attempted murder in the second degree, burglary in the first degree (two counts), attempted assault in the first degree, assault in the second degree and aggravated criminal contempt. The charges stemmed from an incident wherein defendant kicked down the door of his estranged wife's residence and attacked her with a hammer and screwdriver. In full satisfaction of the indictment, defendant agreed to plead guilty to one count of burglary in the first degree with the understanding that his term of imprisonment would be capped at seven years followed by five years of postrelease supervision. As part of the plea agreement, defendant was not required to waive his right to appeal. Defendant pleaded guilty in conformity with the agreement, and County Court, citing both the violent nature of the attack and defendant's extensive criminal history, sentenced defendant to a prison term of seven years followed by five years of postrelease supervision. This appeal ensued.
Defendant's sole contention upon appeal is that the sentence imposed is unduly harsh or severe. We disagree. As County Court aptly observed, defendant has a long history of violent and assaultive conduct, and his self-reported mental health issues neither excuse nor mitigate the nature of the attack upon his estranged spouse (see e.g. People v Marlett, 191 AD3d 1183, 1188 [3d Dept 2021], lv denied 37 NY3d 966 [2021]). Upon considering all of the relevant facts and circumstances, we do not find the sentence imposed to be unduly harsh or severe (see CPL 470.15 [6] [b]), and we decline defendant's invitation to reduce it in the interest of justice.
Egan Jr., J.P., Lynch, Clark, Ceresia and McShan, JJ., concur.
ORDERED that the judgment is affirmed.